CATHERINE MCCOY, ET AL                              NO. 21-C-91

VERSUS                                             FIFTH CIRCUIT

DR. FIDEL F. SENDRA, ET AL                         COURT OF APPEAL

                                                   STATE OF LOUISIANA

_____ May 11, 2021 _____

_____ Susan Buchholz _____
                  First Deputy Clerk

**IN RE** ELLIOT MCCOY, HENRY MCCOY, KARL MCCOY, MELDALYN MCCOY, ROSLYNN MCCOY, TIMOTHY MCCOY, AND TODD MCCOY ON THEIR OWN BEHALF AND ON BEHALF OF THE LATE CATHERINE MCCOY

_____

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE STEPHEN D. ENRIGHT, JR., DIVISION "N", NUMBER 715-642

_____

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and Stephen J. Windhorst

**WRIT GRANTED**

Plaintiffs, the children of the late Catherine McCoy, seek review of the trial court's evidentiary ruling granting the motion in limine to exclude the Medical Review Panel opinion at trial filed by defendants, Louisiana Compensation Fund and Louisiana Patient's Compensation Fund Oversight Board. The trial court concluded that the Medical Review Panel exceeded the scope of its statutory authority under La. R.S. 40:1231.8 G by making a finding of fact in its opinion, specifically finding that the administration of clindamycin resulted in Ms. McCoy developing Steven-Johnson Syndrome.

La. R.S. 40:1231.8 G provides as follows:

The panel shall have the sole duty to express its expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care. After reviewing all evidence and after any examination of the panel by counsel representing either party, the panel shall, within thirty days, render one or more of the following expert opinions, which shall be in writing and signed by the panelists, together with written reasons for their conclusions:

(1) The evidence supports the conclusion that the defendant or defendants failed to comply with the appropriate standard of care as charged in the complaint.

(2) The evidence does not support the conclusion that the defendant or defendants failed to meet the applicable standard of care as charged in the complaint.

(3) That there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court.

(4) When Paragraph (1) of this Subsection is answered in the affirmative, that the conduct complained of was or was not a factor of the resultant damages. If such conduct was a factor, whether the plaintiff suffered: (a) any disability and the extent and duration of the disability, and (b) any permanent impairment and the percentage of the impairment.

Under this provision, the Panel's duty is to express its expert opinion as to whether or not the evidence supports the conclusion that the defendants acted or failed to act within the appropriate standards of care and to what degree that substandard care contributed to the resultant damages. La. R.S. 40:1231.8 G; McGlothlin v. Christus St. Patrick Hosp., 10-2775 (La. 07/01/11), 65 So.3d 1218, 1229. Matranga v. Par. Anesthesia of Jefferson, LLC, 14-448 (La. App. 5 Cir. 5/14/15), 170 So.3d 1077, 1090-91, writ denied, 15-1143 (La. 9/18/15), 178 So.3d 148, and writ denied, 15-1168 (La. 9/18/15), 178 So.3d 152. In performing its duty, the Panel is not permitted to render an opinion on any disputed issue of material fact that does not require their medical expertise. McGlothlin, 65 So.3d at 1229. In addition, La. R.S. 40:1231.8 H provides that any report of the expert opinion of the medical review panel shall be admissible as evidence in any action subsequently brought by the claimant in a court of law.

Plaintiffs assert that resolution of whether the administration of clindamycin caused Ms. McCoy to develop Steven-Johnson Syndrome requires an expert opinion because medical causation is generally not a matter of common knowledge. In support of their argument, plaintiffs cite Louisiana jurisprudence finding that expert testimony is required where the alleged malpractice relates to the prescribing and administering of medication. Jordan v. Cmty. Care Hosp., 19-39 (La. App. 4 Cir. 7/24/19), 276 So.3d 564, 579; Guillory v. Dr. X, 96-85 (La. App. 3 Cir. 8/28/96), 679 So.2d 1004, 1009. The reasoning of this conclusion is that the uses and contraindications of medicine, and the appropriateness of the administration of medicine to a particular patient, are generally not within the average lay person's knowledge. Jordan, supra; Guillory, supra.

We agree with plaintiffs that the determination of whether the clindamycin caused Ms. McCoy to develop Steven-Johnson Syndrome requires an expert opinion. The uses and contraindications of clindamycin and the benefits and risks of administering this drug to Ms. McCoy require expert knowledge. In order to prove their case, plaintiffs must provide expert testimony to show that an allergic reaction or side effect to clindamycin could include developing Steven-Johnson Syndrome. Accordingly, we find that the trial court erred in ruling that the administration of clindamycin resulted in the development of Steven-Johnson Syndrome is a material issue of fact not requiring expert opinion. We therefore find that the trial court erred in granting the motion in limine to exclude the Medical Review Panel opinion.

2

In light of the foregoing, we grant this writ, reverse the trial court's judgment which granted the motion in limine to exclude the Medical Review Panel opinion, and we deny that motion.

Gretna, Louisiana, this 11th day of May, 2021.

**SJW**
**MEJ**
**RAC**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **05/11/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-C-91**

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Stephen D. Enright, Jr. (DISTRICT JUDGE)
Sarah J. L. Christakis (Respondent)          Hugo L. Chanez (Relator)
                                             Andy J. Dupre (Relator)
                                             Conrad Meyer (Respondent)

### MAILED
Jeffrey A. Mitchell (Relator)
Ilijana Todorovic (Relator)
Attorneys at Law
3850 North Causeway Boulevard
Suite 1500
Metairie, LA 70002

5/11/21

**COMPLETE THIS SECTION ON DELIVERY**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ilijana Todorovic
Jeffrey R. Mitchell
Attorneys at Law
3850 North Causeway Blvd -Suite 1500
Metairie, LA 70002
21-C-91                    05-11-21

9590 9402 2434 6249 3594 85

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by (Printed Name)
Stacey

C. Date of Delivery
MAY 1 2 2021

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

2. Article Number (Transfer from service label)

7015 0640 0006 9935 3510

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt